United States District Court
Southern District of Texas

**ENTERED**
March 23, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| | § | Civil No. 5:24-CV-00034 |
| v. | § | |
| | § | |
| | § | |
| | § | |
| $98,723.00 U.S. CURRENCY | § | |

## REPORT AND RECOMMENDATION

The Government's Motion for Default Judgment and Entry of Final Order of Forfeiture, Dkt. No. 19, was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). Dkt. No. 20. For the following reasons, the undersigned respectfully **RECOMMENDS** that the Government's Motion for Default Judgment and Entry of Final Order of Forfeiture, Dkt. No. 19, be **GRANTED**.

### *Background*

The Government filed a complaint against Defendant Currency on February 13, 2024. Dkt. No. 1. The verification in the original complaint averred that "the facts stated in paragraphs 7–9" were supported by information known to the Special Agent. *Id.* at 6. However, as the District Court noted, the factual allegations in paragraph six (6) of the original complaint accounted for $29,910.00 of Defendant Currency and were without verification. Dkt. No. 12 at 1. Moreover, the Government did not file notice that they had notified Ruben Velasco-Hermosillo, when he was likely a known potential claimant given that more than one-third of Defendant Currency was recovered from his safe. *Id.* at 8. The District Court denied the Government's original Motion for Default Judgment, Dkt. No. 11, for failing to certify the facts in paragraph six and failure to

properly serve Ruben Velasco-Hermosillo, a known potential claimant of Defendant Currency. Dkt. No. 12. The Government filed an amended complaint against Defendant Currency on February 10, 2025. Dkt. No. 13. The verification of the amended complaint avers that "the facts stated in paragraphs 6–9" are supported by information gleaned by the Special Agent. *Id.* at 6. The Government argues that the amended complaint sets out sufficiently detailed and properly verified facts to justify forfeiture of Defendant Currency, and that all known potential claimants, including Mr. Velasco-Hermosillo, were properly and directly noticed. Dkt. No. 19 at 1, 3.

On June 23, 2023, Houston Police Department Officer Seth Gillham stopped Kristofer Velasco for a traffic violation. Dkt. No. 13 at ¶ 6. During the traffic stop, law enforcement officers discovered $29,910.00 in United States currency inside Mr. Velasco's Chevrolet Malibu in a plastic shopping bag. *Id.* Mr. Velasco subsequently admitted to Drug Enforcement Administration (DEA) Special Agent Shelby Hamilton and Houston Police Officer Jerrod John Louis that he had delivered a kilogram of cocaine in exchange for the money found in his car. *Id.* at ¶ 7. Mr. "Velasco admitted to having more cocaine at his residence and gave verbal consent for DEA Agents and Task Force Officers to search his residence on Grand Prairie Street, Houston, Texas." *Id.* During the resulting search of Mr. Velasco's residence, law enforcement agents recovered numerous illegal narcotics, along with $28,823.00 in United States currency, which was found in a bag containing cocaine in Mr. Velasco's bedroom. *Id.* at ¶ 8. Agents recovered an additional $39,990.00 in a safe inside Ruben Velasco-Hermosillo's, Mr. Velasco's father's, room. *Id.* Mr. Velasco-Hermosillo informed the agents that some of the currency found in the safe was given to him by Mr. Velasco. *Id.* "The combined amount of seized United States currency is $98,723." *Id.* at ¶ 9.

A warrant for Defendant Currency was executed on March 25, 2024. Dkt. No. 6. After filing the amended complaint on February 10, 2025, the Government directly served all known

potential claimants notice of this suit.  Dkt. No. 15.  Additionally, the Government posted notice of the civil forfeiture to the official government site from March 12, 2025, through April 10, 2025. Dkt. No. 16 at 2.  Seeing no timely claim by any claimant, the Government requested an entry of default on August 7, 2025, Dkt. No. 17, and the Clerk of Court entered default against Defendant Currency on August 26, 2025.  Dkt. No. 18.  The Government subsequently moved for default judgment against Defendant Currency.  Dkt. No. 19.

### *Legal Standards*

The Government must comply with all relevant procedural requirements in seeking default judgment in an asset forfeiture.  *United States v. $11,409.02*, No. 4:21-CV-01349, 2021 WL 5177065 (S.D. Tex. Nov. 8, 2021).  The procedural requirements are found in Federal Rule of Civil Procedure 55 and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G").  In addition to procedural compliance, the Government's Complaint must establish a valid cause of action.  *United States v. $19,840.00*, 552 F. Supp. 2d 632 (W.D. Tex. 2008).  Default judgment must be appropriate under the *Lindsey* factors.  *United States v. $11,409.02*, 2021 WL 5177065, at *2–3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).  And, if default judgment is appropriate, the Court must determine "what form of relief, if any, the Government should receive," *United States v. $19,840*, 552 F. Supp. 2d at 635 (citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)), and confirm that the default judgment does not exceed nor differ from what is demanded in the complaint.  Fed. R. Civ. P. 54(c).

#### A. Procedural Requirements

The Government has complied with the relevant procedural requirements found in Federal Rule of Civil Procedure 55 and Rule G of the Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions ("Rule G").    Rule 55 contains three steps for default judgments.  When a defendant, or "claimant" in a forfeiture posture, fails to respond or otherwise defend against a lawsuit, they "default." Fed. R. Civ. P. 55(a).  Once the plaintiff proves that failure through an affidavit or otherwise, the clerk of court enters the claimant's default, called "entry of default." *Id.*  After default is entered, the plaintiff may move for default judgment.  Fed. R. Civ. P. 55(b)(2).

In asset forfeiture cases, the Government must comply with the pleading and notice requirements of Rule G.  *United States v. $62,200.00 in U.S. Currency*, Civ. No. H-21-3971, 2023 WL 2386884, at *1 (S.D. Tex. Mar. 6, 2023) (citing *In re Ramu Corp.*, 903 F.2d 312, 317 n.7 (5th Cir. 1990)).  For pleadings, the Government's complaint must:

> (a) be verified;
> (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;
> (c) describe the property with reasonable particularity;
> (d) if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed;
> (e) identify the statute under which the forfeiture action is brought; and
> (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Fed. R. Civ. P. G(2).

The undersigned finds that the Government effectively cured the verification of the complaint by ensuring that the signing Special Agent averred the facts in paragraphs six through nine (6–9) of the amended complaint.  Dkt. No. 13 at 6.  The Government properly stated the grounds for this court's jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355 and venue pursuant to 28 U.S.C. §§ 1355, 1391(b), and 1395(a)–(b).  Dkt. No. 13 at 1.  Defendant Currency was described with reasonable particularity because the Government provided "specific information about the date and location of the seizure, the amount of money seized, and the [potential

claimants'] actions on the date of the seizure." *United States v. $109,086.00 United States Currency*, No. Civ. A. H-04-3727, 2005 WL 1923613 at *4 (S.D. Tex. Aug. 10, 2005) (quoting *United States v. Funds in the Amount of $29,266.00*, 96 F. Supp. 2d 806, 810 (N.D. Ill. 2000)); *see* Dkt. No. 13 at ¶¶ 6–9. The Government stated that Defendant Currency is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of funds procured in exchange for illegal narcotics in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq*. Dkt. No. 13 at ¶ 5. Moreover, the undersigned finds that the Government has stated sufficiently detailed facts to support a reasonable belief that it would be able to meet its burden of proof at trial. Thus, the undersigned finds that the Government's amended complaint has complied with the pleading requirements of Rule G.

Rule G requires the Government to provide notice to potential claimants of seized currency of the forfeiture action in several ways. Within a reasonable time, the Government must publish notice of the forfeiture on the Government's forfeiture website, and the notice must appear for at least 30 consecutive days. Rule G(4)(a)(iii)(A), (4)(a)(iv)(C). The Government must also directly notify "any person who reasonably appears to be a potential claimant[.]" Rule G(4)(b)(i). Directly notified potential claimants must file a claim within 35 days of receiving notice. Rule G(4)(b)(ii). Other potential claimants must file their claims within 60 days of the first day the Government published notice on its website. Rule G(5)(a)(ii)(B).

The Government filed sufficient proof that "[n]otice of Civil Forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on March 12, 2025, and ending on April 10, 2025, as required by Rule G(4)(a)(iv)(C) . . . ." Dkt. No. 16 at 2. Additionally, the Government filed proof that any known potential claimants, including Kristofer Velasco, Ruben Velasco-Hermosillo, Adriana Jones, and Howard Miller et al.

were served notice of the instant suit directly. Dkt. No. 15. Notably, the Government successfully filed proof that Mr. Ruben Velasco-Hermosillo was directly served with the amended complaint. *Id.* at 12–13. Neither Mr. Ruben Velasco-Hermosillo nor any other party has filed a claim to date. Accordingly, the undersigned finds that the Government has complied with its notice requirements under Rule G.

To respond or defend in a forfeiture action, a potential claimant must (1) file a claim for the property and (2) answer or file a Rule 12 motion. Rule G(5)(a)(i), G(5)(b). Despite adequate notice from the Government, no claimant has completed either task. Dkt. Nos. 15, 16. The Government obtained entry of default. Dkt. No. 18. The Government has now properly moved for default judgment. Dkt. No. 19.

*B. Valid Cause of Action*

Beyond procedure, the Government must establish a valid cause of action, here a valid forfeiture. *United States v. $19,840*, 552 F. Supp. 2d at 635. The Government's cause of action is 21 U.S.C. § 881(a)(6), providing for the forfeiture of all monies exchanged or intended to be exchanged for a controlled substance in violation of 21 U.S.C. § 801, *et seq.*, all proceeds traceable to an exchange, and all monies used or intended to be used to facilitate a violation of § 801. Dkt. No. 13 at ¶ 5. Because the Government is claiming that the property was used in a criminal offense or was involved in the commission of one, it must prove there was a substantial connection between Defendant Currency and the alleged offense. 18 U.S.C. § 983(c)(3). The Government's burden of proof is a preponderance of the evidence. § 983(c)(1). Additionally, when a claimant fails to respond, the Government's allegations are assumed to be true. *See Nishimatsu*, 515 F.2d at 1206.

Because no claimant has responded in this case, the undersigned assumes the Government's allegations to be true. Accordingly, the undersigned finds that Mr. Velasco admitted that the $29,910.00 seized from his vehicle were the direct proceeds of a narcotics sale. Dkt. No. 13 at ¶ 7. The $28,823.00 recovered from Mr. Velasco's bedroom was found in a bag containing cocaine. *Id.* at ¶ 8. Thus, agents reasonably believed that there was a substantial connection between this currency and illegal narcotics trafficking. *See United States v. $38,600.00 in United States Currency*, 784 F.2d 694, 698 (5th Cir. 1986) (superseded on other grounds) ("[A] large amount of money, found in combination with other persuasive circumstantial evidence, particularly the presence of drug paraphernalia, is frequently held sufficient to establish probable cause.").

The substantial connection between the currency found in Mr. Velasco's father's safe and the alleged offense is less immediately clear. However, in forfeiture actions in rem in which the subject property is cash, "any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture" is also subject to forfeiture. 18 U.S.C. § 984(a)(2). Here, Mr. Velasco's father informed agents that some of the money in his safe was given to him by Mr. Velasco, who had previously admitted to being a narcotics courier. Dkt. No. 13 at ¶ 8. Therefore, agents reasonably believed that some of the cash in the safe constituted proceeds from Velasco's narcotics trafficking enterprise. The undersigned finds that this reasonable belief constitutes a sufficient nexus between the money in the safe and the criminal offense under 18 U.S.C. § 984(a)(2).

*C. The* Lindsey *Factors*

In addition to being procedurally proper and there being a valid cause of action, default judgment must be proper considering the *Lindsey* factors. *United States v. $11,409.02*, 2021 WL 5177065, at *2–3 (citing Lindsey, 161 F.3d at 893). The factors are:

(1) whether material issues of fact are in dispute; (2) whether there has been substantial prejudice to the plaintiff; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good-faith mistake or excusable neglect on the defendant's part; (5) whether default judgment is inappropriately harsh under the circumstances; and (6) whether the court would think itself obliged to set aside the default upon motion by the defendant.

*Id.* (cleaned up).  None of the factors favor denying default judgment.  Thus, default judgment is proper.

### D. Form of Relief

Finally, the Government requests appropriate relief.  *See United States v. $19,840*, 552 F. Supp. 2d at 635 (citing *Nishimatsu*, 515 F.2d at 1206).  Given the facts alleged by the Government and the relevant law, forfeiture of Defendant Currency is appropriate.  Additionally, the request to forfeit $98,723.00 is the same relief as requested from the amended complaint, Dkt. No. 13, satisfying Rule 54(c).

### Conclusion

For the foregoing reasons, the undersigned respectfully requests that the District Court **ACCEPT** the findings in this report and **RECOMMENDS** that the Government's Motion for Default Judgment, Dkt. No. 19, be **GRANTED**.

### Warnings

The parties may file objections to this Report and Recommendation, unless they waive the right to do so. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after being served with a copy of the Report—

or the party's waiver of the right to do so—shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 150–53 (1985); *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

Signed this March 20, 2026, in Laredo, Texas.

Diana Song Quiroga
United States Magistrate Judge